EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2024 TSPR 92 |
| | |
| Carmen E. García Cárdenas | 214 DPR ___ |

Número del Caso: TS-12,557


Fecha: 16 de agosto de 2024


Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva

    Lcda. Nicolle Lozada Báez
    Asesora Legal II

    Lcda. Caridad Rodríguez Feliciano
    Asesora Legal I

    Lcda. Myrel D. Marín Cruz
    Asesora Administrativa


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento con los requerimientos del Programa de Educación Jurídica Continua y las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carmen E. García Cárdenas | TS-12,557

**PER CURIAM**

En San Juan, Puerto Rico, a 16 de agosto de 2024.

Nuevamente, nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un integrante de la abogacía por incumplir con los postulados éticos que, como mínimo, deben guiar la gestión de todos los miembros de la profesión legal.

En el día de hoy, intervenimos disciplinariamente con la Lcda. Carmen E. García Cárdenas y decretamos su suspensión inmediata e indefinida de la práctica de la abogacía.

Veamos las circunstancias fácticas que sustentan nuestra determinación.

**I.**

La Lcda. Carmen E. García Cárdenas (licenciada García Cárdenas) fue admitida al ejercicio de la abogacía el 25 de

enero de 1999 y prestó juramento como notaria el 11 de enero de 2001.[1]

El pasado 26 de octubre de 2023, la Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC) compareció ante este Tribunal mediante un *Informe sobre incumplimiento* y nos comunicó que varios abogados se encontraban inobservando los requisitos del PEJC, entre ellos, la licenciada García Cárdenas. Asimismo, nos indicó que realizaron varias llamadas telefónicas para tratar de atender el asunto y así evitar un referido ante este Tribunal. No obstante, dichos esfuerzos resultaron infructuosos. Cabe destacar, además, que la abogada no posee un correo electrónico identificado en el Registro Uniforme de Abogados y Abogadas (RUA).

Consecuentemente, el 4 de diciembre de 2023, le concedimos **un término de veinte (20) días** a la licenciada García Cárdenas para que mostrara causa por la cual no debía ser suspendida de la profesión legal por incumplir con los requerimientos del PEJC.

Eventualmente, y tras el incumplimiento de la licenciada García Cárdenas con nuestra *Resolución* de diciembre, el 27 de febrero de 2024 le concedimos **un término final de diez (10) días** para que compareciera. En dicha ocasión, le apercibimos que si desatendía nuestra

---

[1] El 21 de julio de 2015 la licenciada García Cárdenas cesó voluntariamente al ejercicio de la notaría.

orden, podría enfrentar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía.

Nuevamente la licenciada García Cárdenas incumplió con nuestro mandato. Aún así, el 6 de mayo de 2024, decidimos concederle un **último término perentorio de diez (10) días**, para que compareciera y mostrara causa.

Al presente, la licenciada García Cárdenas no ha comparecido ante este Tribunal y mantiene su incumplimiento con los requerimientos del PEJC.

## II.

Desde el momento preciso en que cada abogado presta juramento como tal y es admitido a la profesión de la abogacía, este se compromete a fijar su conducta íntimamente a las normas establecidas en el Código de Ética Profesional.[2] El propósito de este cuerpo rector recae en "promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia".[3]

Asimismo, hemos señalado que este deber se hace extensivo "no solo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal".[4]

---

[2] 4 LPRA Ap. IX.
[3] *In re Torres Rivera*, 210 DPR 995 (2022).
[4] *In re Medina Torres*, 200 DPR 610, 628 (2018).

En aras de garantizar una representación legal adecuada a los ciudadanos que acuden ante nuestros tribunales, el Canon 2 del Código de Ética Profesional, le exige a los profesionales del Derecho que practican en nuestra jurisdicción "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[5]

A tenor con lo anterior, y para viabilizar el cumplimiento con el deber antes mencionado, aprobamos el Reglamento del Programa de Educación Jurídica Continua.[6] La Regla 29 de dicho cuerpo reglamentario requiere que todo miembro activo de la profesión legal apruebe veinticuatro (24) horas crédito en cursos de educación jurídica continua en un lapso de tres (3) años.

En el contexto del incumplimiento con los requisitos del PEJC, hemos expresado que la desidia y dejadez ante los requerimientos de dicho programa representan un gasto de recursos administrativos, como también una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional.[7] Así pues, en los casos que los abogados y las abogadas desatienden los requerimientos del PEJC e incumplen los requisitos de educación jurídica continua conforme a lo

---

[5] 4 LPRA Ap. IX, C. 2
[6] 4 LPRA Ap. XVII-D.
[7] *In re Cabán Arocho,* 198 DPR 1112 (2017); *In re López Santos,* 194 DPR 960 (2016). Véase, *In re Molinary Machado,* 203 DPR 1070 (2019).

dispuesto en el Reglamento del PEJC, *supra,* este Tribunal se ha visto obligado a suspenderles indefinidamente.[8]

## A. *Canon 9 del Código de Ética Profesional*

Por su parte, el Canon 9 del Código de Ética Profesional, *supra*, codifica el mandato ético que obliga a todo abogado a atender y obedecer las órdenes del Tribunal y las de cualquier otro foro ante el que se encuentre obligado a comparecer. Particularmente, le impone a los letrados "el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto".[9] Cuando se trata de procesos disciplinarios, los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente a nuestros requerimientos y órdenes.[10]

Por ello, un abogado que desatiende los requerimientos realizados en el curso de un procedimiento disciplinario denota "indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal".[11]

Así, pues, no podemos tomar livianamente la actitud de indiferencia a la autoridad de este Tribunal. Lo anterior

---

[8] *In re Molinary Machado, supra; In re Cabán Arocho, supra; In re Rodríguez Gerena,* 197 DPR 1093 (2017).
[9] *In re Torres Rivera*, supra.
[10] *In re Lajara Radinson*, 207 DPR 854 (2021); *In re Colón Rivera*, 206 DPR 1073 (2021).
[11] *In re Jiménez Meléndez*, 198 DPR 453, 457 (2017).

resulta causa suficiente para decretar la suspensión inmediata de cualquier abogado.[12]

### III.

Del recuento fáctico antes reseñado se desprende palpablemente una conducta que refleja indiferencia y desidia ante las órdenes de este Tribunal. Pese a las múltiples oportunidades y prórrogas que este Tribunal le ha concedido a la licenciada García Cárdenas para cumplir con los requerimientos del PEJC, al presente, ésta tiene incumplido el periodo 2018-2021 y adeuda cien dólares ($100.00) en concepto de multa por cumplimiento tardío y por referido del Programa ante este Foro.

La licenciada García Cárdenas no solo ha incumplido con los requisitos antes mencionados, sino que, además, ha desatendido las órdenes de esta Curia en más de una instancia durante este proceso. Tal conducta, a todas luces, demuestra falta de interés para continuar ejerciendo la profesión legal.

En vista de ello, y considerando que esta no ha dado fiel cumplimiento a los requerimientos del PEJC ni a lo ordenado por este Foro, ordenamos la suspensión de la licenciada García Cárdenas del ejercicio de la abogacía de manera inmediata e indefinida.

---

[12] Íd.

**IV.**

Consecuentemente, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y su correspondiente Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se dictará Sentencia de Conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:*<br><br>Carmen E. García Cárdenas | TS-12,557 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de agosto de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía de la Lcda. Carmen E. García Cárdenas.

A la luz de lo anterior, le imponemos a la letrada el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo, pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo